

**Service of Process Transmittal**
11/03/2021
CT Log Number 540525214

| | |
|---|---|
| **TO:** | Cathy Schuda<br>Target Corporation<br>1000 NICOLLET MALL<br>MINNEAPOLIS, MN 55403-2542 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Target Corporation  (Domestic State: MN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ALBA LUZ LUCERO LOPEZ AND JOSE SALAZAR // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CACE21019701 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/03/2021 at 09:56 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/03/2021, Expected Purge Date: 11/08/2021<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / DK



# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Nov 3, 2021

**Server Name:** Eric Garcia

| Entity Served | TARGET CORPORATION |
|---|---|
| Case Number | CACE21019701 |
| Jurisdiction | FL |



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALBA LUZ LUCERO LOPEZ AND JOSE
SALAZAR,

    Plaintiffs,

v.

TARGET CORPORATION,                         CIVIL DIVISION

    Defendant.                                      CASE NO.:

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the COMPLAINT, INTERROGATORIES, REQUEST FOR PRODUCTION, AND EMAIL DESIGNATION in this action on Defendant:

**TARGET CORPORATION
C/O CT CORPORATION SYSTEM
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Jordan Kirby, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/29/2021 01:57:12 PM.****

DATED ON: on this _____ day    NOV 01 2021

Clerk of Said Court

BY: _____ Clerk
(Court)

**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Alba Luz Lucero Lopez and Jose Salazar,

    Plaintiff,

v.

Target Corporation,                                    CIVIL DIVISION

    Defendant.                                           CASE NO.:
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiffs, **Alba Luz Lucero Lopez Jose Salazar**, by and through the undersigned counsel, hereby sue the Defendant, **Target Corporation,** and allege as follows:

1. This is an action for damages which exceeds seventy-five thousand dollars, exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2. At all times material hereto, the Plaintiff, **Alba Luz Lucero Lopez**, was and is a citizen and domicile of Broward County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, the Plaintiff, **Jose Salazar**, was and is a citizen and domicile of Broward County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, the Defendant, **Target Corporation,** was and is a Foreign Profit Corporation and a citizen of the state of Minnesota, actively doing business in Fort Lauderdale, Broward County, Florida.

4. Venue is proper in this County in that the Defendant does business in Broward County, Florida, and/or all of the acts complained of herein occurred in Broward County, Florida.

5. That on December 31, 2019, the Plaintiff, **Alba Luz Lucero Lopez**, was a business invitee of the Defendant's premises located at 3200 N. Federal Hwy, Fort Lauderdale, FL 33306.

## COUNT I – PLAINTIFF, ALBA LUZ LUCERO LOPEZ'S NEGLIGENCE CLAIM AGAINST DEFENDANT

6. That at all times material hereto, and specifically on December 31, 2019, Defendant, **Target Corporation**, owned, managed, controlled, operated, and/or maintained the premises located at 3200 N. Federal Hwy, Fort Lauderdale, FL 33306, in Broward County.

7. That on December 31, 2019, the Plaintiff, **Alba Luz Lucero Lopez,** was lawfully in Defendant's premises when she slipped and fell on a liquid substance after exiting a cash register aisle of the store.

8. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff, **Alba Luz Lucero Lopez,** by negligently maintaining its premises in the following manner:

    a. By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquid substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

    b. By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

    c. Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

    d. By failing to remove the subject liquid substance from the floor of the premises; and/or

    e. Was otherwise negligent in the care, maintenance, and upkeep of the premises.

10. That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff; the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or that the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such regularity that the Defendant should have known of its existence.

11. As a direct and proximate result of the aforementioned negligence of the Defendant, **Target Corporation**, the Plaintiff, **Alba Luz Lucero Lopez**, slipped and fell on a liquid substance that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity, and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries. These injuries and/or damages are either permanent or continuing in their nature, and the Plaintiff, **Alba Luz Lucero Lopez,** will suffer the losses into the future.

WHEREFORE, Plaintiff, **Alba Luz Lucero Lopez**, hereby demands judgment for damages, costs and interest from the Defendant, **Target Corporation,** together with whatever other relief the Court deems just and appropriate.

### COUNT II – PLAINTIFF, JOSE SALAZAR'S LOSS OF CONSORTIUM CLAIM AGAINST DEFENDANT

12. Plaintiff, **Jose Salazar,** re-alleges and restates paragraphs 1 through 11 as it fully set forth herein.

13. At all times material hereto, Plaintiff, **Jose Salazar**, was and is the lawful spouse of Plaintiff, **Alba Luz Lucero Lopez**.

14. As a direct and proximate result of the negligence of Defendant, **Target Corporation**, and resulting injury and/or damage to Plaintiff, **Alba Luz Lucero Lopez,** Plaintiff, **Jose Salazar**, has in the past, and will in the future suffer diminishment of his wife's services, comfort, society and attentions, as well as expense of medical treatment and care for his wife.

WHEREFORE, Plaintiff, **Jose Salazar**, hereby demands judgment for damages, costs and interest from the Defendant, **Target Corporation,** together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiffs, **Alba Luz Lucero Lopez and Jose Salazar,** hereby demand trial by jury of all issues so triable as a matter of right.

Dated: _____

        **RUBENSTEIN LAW, P.A.**
        Attorneys for Plaintiff
        261 N. University Drive, Suite 700
        Plantation, FL 33324
        Phone: (305) 661-6000
        Fax: (305) 670-7555
        Email: jkirby@rubensteinlaw.com
               atello@rubensteinlaw.com
               eservice@rubensteinlaw.com

By:   /s/ *Jordan Kirby*
       **JORDAN KIRBY**
       Florida Bar No.: 67217

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALBA LUZ LUCERO LOPEZ AND JOSE
SALAZAR,

    Plaintiffs,

v.

TARGET CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF DESIGNATION OF
## PRIMARY AND SECONDARY E-MAIL ADDRESSES

PLEASE BE ADVISED that the Plaintiffs, **ALBA LUZ LUCERO LOPEZ AND JOSE SALAZAR,** by and through the undersigned counsel, in accordance with Florida Rule of Civil Procedure 1.080 and Florida Rule of Judicial Administration 2.516, hereby designates undersigned counsel's primary and secondary electronic mail addresses in the above-styled action, and respectfully requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served at the primary and secondary e-mail addresses listed below, with such service e-email complying with Rule 2.516(b)(1)(E).

        Primary: jkirby@rubensteinlaw.com
        Secondary: atello@rubensteinlaw.com
                eservice@rubensteinlaw.com

Dated this _____ day of _____, 2021.

                                  **RUBENSTEIN LAW, P.A.**
                                  Attorneys for Plaintiff
                                  261 N. University Drive, Suite 700
                                  Plantation, FL 33324
                                  Tel: (305) 661-6000
                                  Fax: (305) 670-7555

Email:  jkirby@rubensteinlaw.com
            atello@rubensteinlaw.com
            eservice@rubensteinlaw.com

By:  */s/ Jordan Kirby*
     **JORDAN KIRBY**
     Florida Bar No.: 67217

2

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Alba Luz Lucero Lopez and Jose Salazar,

    Plaintiffs,

v.

**Target Corporation,**                              CIVIL DIVISION

    Defendant.                                    CASE NO.:

_____/

## PLAINTIFF, ALBA LUZ LUCERO LOPEZ'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT, TARGET CORPORATION

The Plaintiff, **Alba Luz Lucero Lopez,** by and through the undersigned attorney, hereby gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, **Target Corporation** to be answered within forty-five (45) days from the date of service pursuant to Florida Rule of Civil Procedure 1.340.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **Target Corporation**.

Dated: _____

                                                         **RUBENSTEIN LAW, P.A.**
                                                         Attorneys for Plaintiff
                                                         RUBENSTEIN LAW, P.A
                                                         9130 S. Dadeland Blvd, PH
                                                         Miami, FL 33156
                                                         Tel: (305) 661-6000
                                                         Fax: (305) 670-7555
                                                         Email: jkirby@rubensteinlaw.com
                                                                      atello@rubensteinlaw.com
                                                                      eservice@rubensteinlaw.com

                                                   By:   */s/ Jordan Kirby*_____
                                                         **JORDAN KIRBY**
                                                         Florida Bar No.: 67217

## PLAINTIFF, ALBA LUZ LUCERO LOPEZ'S INITIAL INTERROGATORIES TO DEFENDANT, TARGET CORPORATION

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1. State the full name, address and position with Defendant of the person answering these interrogatories.

2. State the full name, address (or last known address), telephone number (or last known telephone number), and position with Defendant of the person(s) who was responsible for the inspection, maintenance, and/or cleaning of the area where Plaintiff fell on December 31, 2019.

3. State whether the Defendant, its agents, servants or employees received any notification on December 31, 2019, about the condition of the area (including any liquid substance on the floor, debris on the floor, equipment leaking liquid on the floor, etc.) where Plaintiff fell prior to Plaintiff's fall on December 31, 2019. Please provide the full name(s) and address(es) of the person(s) who made the notification, the date and time of the notification, and the nature of the notification.

4. Please state whether there have been any other customer slip and fall incidents at the Defendant's premises located at 3200 N. Federal Hwy, Fort Lauderdale, FL 33306 in the area where customers are allowed to be within the store during the three (3) years prior to the subject incident? If so, please provide:

    (a) Number of slip and falls?

    (b) Date of each slip and fall?

    (c) Name, address and telephone number of each person who slipped and fell?

    (d) Whether or not the person reported any injuries?

    (e) Identify the substance that was reported to have caused the slip and fall (eg. Water, Juice, etc.)

5. With respect to each occurrence identified in the preceding question, please state the following:

    (a) Whether Fire Rescue reported to the scene?

    (b) Whether a claim was made against the Defendant?

    (c) Whether a lawsuit was filed, and if so, please provide the case number?

6. State the full name, address (or last known address), and telephone number (or last known telephone number) of each eyewitness to all or part of Plaintiff's incident on December 31, 2019.

7. State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, that are known to the Defendant who were at or near the scene of Plaintiff's incident within one (1) hour before the incident on December 31, 2019. This request seeks the Defendant to identify all persons that it can from any surveillance footage available to the Defendant in the area of the subject incident.

8. State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, that the Defendant knows of who arrived at the incident scene within one (1) hour after Plaintiff's incident on December 31, 2019. This request seeks the Defendant to identify all persons that it can from any surveillance footage available to the Defendant in the area of the subject incident.

9. State the full name, address (or last known address), and telephone number (or last known telephone number) of each person(s) who investigated the facts and circumstances of Plaintiff's incident on December 31, 2019 for you or your insurance carrier.

10. State the full name, address (or last known address), and telephone number (or last known telephone number) of all persons, including employees, who has given or provided a statement (in any form taken or given) concerning Plaintiff's incident on December 31, 2019.

11. If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on December 31, 2019, state full name and address of the person who made the report, the date it was made and in whose custody it is.

12. State the full name(s), address(es) (or last known address(es)), and telephone number(s) (or last known telephone number(s)) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

13. Describe the frequency and times of inspections of the incident area prior to the incident on December 31, 2019. State the full name, address, and job title of the person who made the last inspection of the area where the Plaintiff's incident occurred.

14. State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's fall on December 31, 2019.

15. State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's incident on December 31, 2019 or any photographs of Plaintiff on December 31, 2019. If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

16. Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on December 31, 2019.

17. If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on December 31, 2019, give a concise statement of the fact upon which you rely.

18. Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on December 31, 2019 as described in the Complaint? If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention.

19. Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

20. Did the Defendant have security cameras operating within the store located at 3200 N. Federal Hwy, Fort Lauderdale, FL 33306, on the date of the subject accident? Additionally, did the Defendant have security cameras operating in the area where Plaintiff's incident on December 31, 2019 took place? If so, did the security cameras capture this incident as it occurred?

21. Please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes at the time of the subject incident.

22. Does Defendant have video recording footage from the day of the Plaintiff's fall on December 31, 2019, of the store and any video which depicts Plaintiff including the two hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

23. Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

_____
AFFIANT

STATE OF FLORIDA          )
COUNTY OF _____ )

    BEFORE ME, the undersigned authority, personally appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

    SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2021.

_____
NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

My Commission Expires:
Personally known:
or Produced Identification:    _____
Type of Identification Produced:  _____

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

**Alba Luz Lucero Lopez and Jose Salazar,**

    Plaintiffs,

v.

**Target Corporation,**                               CIVIL DIVISION

    Defendant.                                   CASE NO.:

_____/

### PLAINTIFF, ALBA LUZ LUCERO LOPEZ'S REQUEST FOR PRODUCTION TO DEFENDANT, TARGET CORPORATION

The Plaintiff, **Alba Luz Lucero Lopez,** by and through the undersigned attorneys, hereby requests the Defendant, **Target Corporation**, produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to Florida Rule of Civil Procedure 1.350, at RUBENSTEIN LAW, 9130 S. Dadeland Blvd, PH, Miami, FL 33156, the following:

1. The employee safety manual or other written document (including, but not limited to, policies and/or procedures) of the Defendant in effect on December 31, 2019 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

2. Any and all policies and/or procedures of the Defendant in effect on December 31, 2019 that discusses, touches, or concerns downloading, preserving, and/or maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

3. Any photographs or videos taken by or on behalf of the Defendant that relates to the parties, individuals involved, and/or scene of the alleged occurrence on December 31, 2019.

4. Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5. Any and all statements obtained from any non-party concerning any of the issues in this lawsuit.

6. Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7. Any and all surveillance or other video or recording depicting the interior and/or exterior of the Defendant's premises located 3200 N. Federal Hwy, Fort Lauderdale, FL 33306, Broward County, on December 31, 2019, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8. All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the three (3) years prior to the subject incident.

9. All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10. A list of the names and addresses, if no longer employed, (e.g., clock-in/time records) of all employees employed at the Defendant's premises located at 3200 N. Federal Hwy, Fort Lauderdale, FL 33306, Broward County, on duty in the front end or as a cashier for the five (5) hours prior to the subject incident.

11. Any and all incident reports, accident reports, or witness statements pertaining to the subject incident.

12. A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13. All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on December 31, 2019.

14. A clearly legible copy of any report created as a result of Plaintiff's incident on December 31, 2019, that was signed and/or filled out by Plaintiff.

15. A clearly legible copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on December 31, 2019.

16. A map (aerial view) of the Defendant's store located at 3200 N. Federal Hwy, Fort Lauderdale, FL 33306 identifying the layout of the store as it existed on the date of the incident.

17. A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture. This request relates only to the front end of the store (i.e., where the subject incident took place).

18. Any and all documentation reflecting any weekly, bi-monthly, or monthly safety meetings and what was discussed at any such meetings for the one (1) year period prior to the subject incident.

19. Any and all documentation reflecting a summary of the number of customer incidents at the Defendant's premises located at 3200 N. Federal Hwy, Fort Lauderdale, FL 33306 for the three (3) year period prior to the subject incident.

20. Any document, photograph, or video, identified in your answers to interrogatories.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **Target Corporation.**

Dated: _____

        **RUBENSTEIN LAW, P.A.**
        Attorneys for Plaintiff
        RUBENSTEIN LAW, P.A
        9130 S. Dadeland Blvd, PH
        Miami, FL 33156
        Tel: (305) 661-6000
        Fax: (305) 670-7555
        Email: jkirby@rubensteinlaw.com
              atello@rubensteinlaw.com
              eservice@rubensteinlaw.com

By: /s/ *Jordan Kirby*
     **Jordan Kirby**
     Florida Bar No.: 67217